**FILED**

May 01 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ DDE          DEPUTY

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| William S. Kachele, Jr., <br> Plaintiff, <br><br> vs. <br><br> SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO, <br> Defendants | NO. **'26CV2778 BJC  MSB** <br><br> VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER: <br> (1) TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12132; <br><br> (2) SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794; <br><br> (3) ADA ANTI-RETALIATION, 42 U.S.C. § 12203; AND <br><br> (4) THE DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201–2202. <br><br> *Declaratory and Injunctive Relief Sought.* <br> *No Jury Demand.* |

Plaintiff William S. Kachele, Jr., DMD (*"Plaintiff"*), in propria persona, brings this action against Defendant Superior Court of California, County of San Diego (*"Defendant"* or the *"Superior Court"*), and on personal knowledge as to his own acts and on information and belief as to all other matters, alleges as follows. Plaintiff brings this action under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("Title II" or "ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), the ADA's anti-retaliation provision, 42 U.S.C. § 12203, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

42 U.S.C. § 12132;                                    1                    William S. Kachele, Jr, Pro per

Plaintiff seeks **declaratory and prospective injunctive relief only.** Plaintiff **does not** assert a claim under 42 U.S.C. § 1983 against this Defendant. Plaintiff acknowledges, and brings the action accordingly, that (a) the ADA's comprehensive enforcement scheme generally precludes use of § 1983 to enforce ADA rights (*Vinson v. Thomas* (9th Cir. 2002) 288 F.3d 1145); and (b) state courts and state agencies are not "persons" within the meaning of § 1983 (*Will v. Michigan Dep't of State Police* (1989) 491 U.S. 58).

## I. NATURE OF THE ACTION

1.      This is a federal civil-rights action for **declaratory and prospective injunctive relief** arising out of Defendant's repeated and continuing failure to provide Plaintiff — a qualified individual with a documented life-threatening cardiac disability — meaningful access to the services, programs, and activities of the Superior Court, in violation of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the ADA's anti-retaliation provision.

2.      Plaintiff seeks (a) a declaration that Defendant's policies, practices, and procedures, as applied to Plaintiff, violate Title II, Section 504, and § 12203; (b) prospective injunctive relief requiring Defendant to comply with California Rule of Court 1.100 and federal statutory disability-access requirements; (c) reasonable attorney's fees, expert fees, and costs as available by statute; and (d) such other relief as is just and proper. Plaintiff **does not** seek review or reversal of any state-court judgment, and **does not** ask this Court to adjudicate the underlying state-law unlawful-detainer claim.

## II. JURISDICTION AND VENUE

42 U.S.C. § 12132;                                    2                    William S. Kachele, Jr, Pro per

3.    This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) and (a)(4) (civil rights), 42 U.S.C. § 12133 (Title II enforcement, incorporating the remedies of Section 504), 29 U.S.C. § 794a (Section 504 enforcement), and 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act).

4.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District. The Superior Court of California, County of San Diego sits in San Diego County, California, which is within the Southern District of California.

5.    Plaintiff is informed and believes, and on that basis alleges, that Defendant has waived sovereign immunity to the extent applicable: (**a**) Title II of the ADA validly abrogates state sovereign immunity in cases implicating the fundamental constitutional right of access to the courts. *Tennessee v. Lane* (2004) 541 U.S. 509, 522–23, 533–34; *United States v. Georgia* (2006) 546 U.S. 151. (**b**) Section 504 abrogation operates through Defendant's acceptance of federal financial assistance, conditioned on waiver of sovereign immunity by 42 U.S.C. § 2000d-7. Plaintiff alleges on information and belief that Defendant receives federal financial assistance for purposes of judicial-branch access programs and is bound by the § 2000d-7 waiver.

### III.  PARTIES

6.    **Plaintiff William S. Kachele, Jr., DMD** is a natural person, a resident of San Diego County, California, a licensed Doctor of Dental Medicine, and a **qualified individual with a disability** within the meaning of 42 U.S.C. § 12102 (as amended by the ADA Amendments Act of 2008), 29 U.S.C. § 705(20), and 28 C.F.R. § 35.108. Plaintiff's documented medical history includes (a) quadruple coronary artery bypass graft surgery; (b) a subsequent

acute myocardial infarction on or about February 12, 2026; (c) hospitalization at Palomar Hospital from February 12, 2026 through February 14, 2026; and (d) ongoing cardiac care under the supervision of his treating cardiologist. These conditions substantially limit one or more major life activities, including the operation of his cardiovascular system, the circulation of blood, and the ability to tolerate acute psychophysiological stress.

7.    **Defendant Superior Court of California, County of San Diego** is a **"public entity"** within the meaning of 42 U.S.C. § 12131(1) and the implementing regulations at 28 C.F.R. § 35.104. Defendant operates the courthouse facilities, judicial proceedings, and administrative processes that constitute "services, programs, or activities" of a public entity.

8.    **Institutional capacity.** Plaintiff sues Defendant in its institutional public-entity capacity for declaratory and prospective injunctive relief only. Plaintiff does *not* name any individual judicial officer or court employee as a defendant in this action and does *not* seek damages or any other retrospective relief. References herein to specific judicial-officer conduct describe the manner in which Defendant has acted through its officers, agents, and personnel in the operation of its services, programs, and activities; they are factual allegations, not individual-capacity claims.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Disability and Treating-Physician Restriction

9.    Plaintiff is a 67-year-old licensed Doctor of Dental Medicine. Plaintiff's documented medical history includes a quadruple coronary artery bypass graft surgery and, on or about **February 12, 2026**, a subsequent acute myocardial infarction ("heart attack"). Plaintiff was admitted to Palomar Hospital on February 12, 2026, was hospitalized for approximately

three and one-half (3.5) days, and was discharged on February 14, 2026. Plaintiff remains under the ongoing cardiac care of his treating cardiologist.

10.    On **March 19, 2026**, Plaintiff's treating cardiologist, **Rod Serry, M.D.,** California Medical License No. **A76061**, board-certified in cardiology, executed under penalty of perjury under the laws of the State of California a Declaration of Treating Physician (the *"Cardiologist's Declaration"*) that includes the following sworn medical opinions:

(a)    Plaintiff is *not* currently medically cleared to participate in stressful legal proceedings, including pretrial conferences, depositions, hearings, or trial;

(b)    The stress associated with civil litigation poses a significant risk to Plaintiff's cardiac health and recovery;

(c)    Plaintiff requires a minimum of **ninety (90) days** of restricted activity and cardiac rehabilitation before he can safely participate in any legal proceedings;

(d)    Forcing Plaintiff to participate in legal proceedings against medical advice could result in further cardiac events, worsening of his condition, additional hospitalization, or risk to his life; and

(e)    All court proceedings involving Plaintiff should be stayed for a minimum of ninety (90) days from March 19, 2026, or until written medical clearance, whichever is later.

11.    The Cardiologist's Declaration is **uncontroverted**. No party has submitted any contrary medical opinion or evidence in the underlying state-court action.

**B. The Underlying State-Court Action**

12.    On or about January 3, 2026, plaintiff 751 Rancheros Holdings, LLC, by counsel Franco Simone, Esq., of Simone & Blevins, filed an unlawful-detainer action against Plaintiff in the Superior Court of California, County of San Diego, *751 Rancheros Holdings,*

42 U.S.C. § 12132;                                                    5                        William S. Kachele, Jr, Pro per

*LLC v. William S. Kachele, Jr.*, Case No. **26UD002419C** (the "State Court Action"). The State Court Action concerns commercial premises located at 751 Rancheros Drive, Suite 3, San Marcos, California 92069 — premises that Plaintiff has occupied as the tenant of record and where he has operated his licensed dental practice for approximately twenty-one (21) years. The State Court Action is *not* predicated on non-payment of rent.

13.     Plaintiff filed a **prior federal civil-rights action**, *Kachele v. El-Maasri, et al.*, Case No. 25-CV-3458-AGS-MMP (S.D. Cal.), on December 8, 2025 — twenty-six (26) days *before* the State Court Action was filed. The prior-filed federal action arises out of the same commercial premises and asserts claims, *inter alia*, under the Americans with Disabilities Act.

### C. Plaintiff's Request for Reasonable Disability Accommodations

14.     On **April 23, 2026**, Plaintiff submitted to the ADA Coordinator of the San Diego Superior Court a **Confidential Request for Disability Accommodations** pursuant to California Rule of Court 1.100; Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and the confidentiality provisions of Rule 1.100(c)(4) (the "Rule 1.100 Request"). The Rule 1.100 Request was supported by Plaintiff's verifying declaration and by the Cardiologist's Declaration, attached as Exhibit AA.

15.     The Rule 1.100 Request set forth, in order of preference, three narrowly tailored accommodations: (**a**) permission to participate in all hearings by sworn written declaration or affidavit; (**b**) an alternative accommodation; and (**c**) in the alternative, a medical continuance for ninety (90) days from the date of the request, or until medical clearance, whichever is later. The Rule 1.100 Request specifically requested a *written disposition* pursuant to Rule 1.100(e).

42 U.S.C. § 12132;                                    6                    William S. Kachele, Jr, Pro per

**D. Defendant's Failure to Comply with the Rule 1.100 Coordinator Process**

16.     California Rule of Court 1.100 reflects Defendant's official, published policy implementing Title II and Section 504 in the operations of the California courts. Rule 1.100 imposes mandatory, non-discretionary duties on Defendant: (**a**) promptly considering a request for accommodation; (**b**) treating communications related to the request as confidential; (**c**) issuing any denial in writing; and (**d**) basing any denial on one — and only one — of the three exclusive grounds enumerated in Rule 1.100(f): undue financial or administrative burden; fundamental alteration of the nature of the service, program, or activity; or failure of the request to satisfy the requirements of the rule.

17.     As of the date of this Complaint, Plaintiff has not received any compliant Rule 1.100(e) written disposition addressing the merits of the medical evidence, the three accommodations Plaintiff requested in order of preference, or the specific Rule 1.100(f) ground (if any) on which Defendant relied for any denial.

**E.  Specific Judicial-Officer Conduct in Department 201 (Honorable Rachel L. Jensen, Presiding)**

18.     The State Court Action has been pending in Department 201 of the Superior Court before the Honorable Rachel L. Jensen, Judge presiding (the "presiding judge"). The factual allegations in this subsection describe specific judicial-officer conduct as the manner in which Defendant — the institutional public entity — has acted through its officers and personnel. Plaintiff again states, for clarity of the record, that *no individual-capacity claim* is asserted against the presiding judge or any other judicial officer; the allegations below are pleaded as factual allegations against the institutional Defendant only.

19.     **April 10, 2026 hearing.** On April 10, 2026, Defendant conducted a proceeding in the State Court Action. Plaintiff appeared in writing in light of his documented cardiac restriction. At that proceeding: (a) opposing counsel was permitted to address the bench at length; (b) Plaintiff's submissions and arguments were curtailed and Plaintiff was directed by the bench to "stop talking" on multiple occasions; (c) the bench stated on the record that other matters and other litigants were waiting in other cases; (d) no on-the-record disposition was issued addressing Plaintiff's then-pending medical restriction; and (e) Plaintiff was reportedly recorded as a "no show" notwithstanding Plaintiff's written appearance and Defendant's prior notice of the medical restriction.

20.     **Non-disposition of Plaintiff's April 21, 2026 jurisdictional challenge.** On April 21, 2026, Plaintiff filed and served in the State Court Action a Request for Judicial Notice; Objection and Challenge to the Court's Exercise of Jurisdiction; and Objection to Denial of Due Process and Right to Petition. As of the date of this Complaint, Defendant has issued no written or recorded ruling on that filing. Defendant has nonetheless continued to schedule and conduct substantive proceedings in the State Court Action.

21.     **April 24, 2026 disposition.** On or about April 24, 2026, Defendant issued a disposition on form ADM-410. Plaintiff is informed and believes, and on that basis alleges, that the April 24, 2026 disposition: (a) bypassed the ADA Coordinator process required by Rule 1.100 and was issued by the bench rather than by the Coordinator following the proper review channel; (b) was conclusory and failed to identify which of the three exclusive Rule 1.100(f) grounds, if any, was the basis for any denial; (c) failed to make any fact-specific findings concerning the unrebutted medical evidence; (d) failed to address each of the three

accommodations Plaintiff requested in his stated order of preference; and (e) failed to issue findings in writing as required by Rule 1.100(e).

22.    **Continued exercise of adjudicatory authority.** Notwithstanding (a) the unresolved April 21, 2026 jurisdictional challenge, (b) the unresolved April 23, 2026 Rule 1.100 Request, and (c) the unrebutted Cardiologist's Declaration, Defendant has continued to schedule and conduct substantive proceedings in the State Court Action and has done so in Plaintiff's medically compelled absence.

### F. Disparate Treatment as to Medical-Stay Relief

23.    Plaintiff is informed and believes, and on that basis alleges, that Defendant has, in other matters before the same Department, granted medical-stay or continuance relief on showings comparable to or less detailed than the Cardiologist's Declaration here, while denying or failing to address comparable relief in Plaintiff's case. Plaintiff is prepared to identify specific comparator matters by case number and to seek judicial notice of the relevant orders. The disparate handling raises a separate concern under federal and state equal-treatment principles, including the equal-application principle reflected in Rule 1.100 and § 12203.

### G. Ongoing and Threatened Conduct

24.    Defendant's failure to comply with Rule 1.100, to issue a Rule 1.100(e) written disposition, and to provide reasonable accommodations to Plaintiff is **ongoing**. The State Court Action remains pending; further substantive proceedings are calendared in Department 201; Defendant has not corrected the conduct complained of; and Plaintiff faces a real and immediate threat that the same or substantially similar conduct will recur, including the entry of merits orders against him in his medically compelled absence, unless Defendant is enjoined to comply with Title II and Section 504 prospectively.

42 U.S.C. § 12132;                                    9                    William S. Kachele, Jr, Pro per

## V. CONDITIONS PRECEDENT, EXHAUSTION, AND NOTICE

25.     Title II of the ADA does not require pre-suit administrative exhaustion as a condition to suit by a private plaintiff seeking declaratory and injunctive relief. Section 504 of the Rehabilitation Act likewise does not require pre-suit administrative exhaustion in this posture.

26.     To the extent Defendant claims that Plaintiff has not exhausted state-court accommodation channels, those channels have been *ineffective and unavailable*: Defendant has failed to issue a Rule 1.100(e) written disposition; Defendant has bypassed the Coordinator process; and Defendant has continued to schedule substantive proceedings in the State Court Action without meaningfully addressing the unrebutted medical evidence.

27.     Plaintiff has filed (or is contemporaneously filing) in the State Court Action: (**a**) a Request for Review under California Rule of Court 1.100(g); (**b**) a stripped Rule 1.100(d)-compliant Resubmission to the ADA Coordinator; (**c**) Formal Objections; (**d**) a Motion to Vacate the April 24, 2026 disposition; and (**e**) a Motion to Defer Proceedings Pending the ADA Coordinator's Written Disposition. Each of these state-court filings preserves Plaintiff's federal claims for the relief sought here.

## VI. ARTICLE III STANDING AND CASE OR CONTROVERSY

28.     Plaintiff has Article III standing to bring this action, and an actual case or controversy of sufficient immediacy and reality exists between Plaintiff and Defendant for purposes of 28 U.S.C. §§ 2201–2202.

29.     **Concrete and particularized injury.** Plaintiff has been and continues to be (a) denied meaningful access to the services, programs, and activities of the Superior Court by

42 U.S.C. § 12132;                                    10              William S. Kachele, Jr, Pro per

reason of his disability; (b) subjected to an ongoing risk of further cardiac events flowing from the requirement to participate in adversarial in-court proceedings against medical advice; (c) exposed to the imminent risk of adverse merits orders entered in his medically compelled absence in the State Court Action; and (d) subjected to retaliatory conduct in the form of, *inter alia*, the "no show" record of April 10, 2026, the Coordinator-process bypass, and the failure to issue a Rule 1.100(e) written disposition.

30.    **Traceability.** Each of the foregoing injuries is fairly traceable to Defendant's policies, practices, and procedures — specifically, Defendant's failure to comply with Rule 1.100, the bypass of the Coordinator process, the failure to issue a Rule 1.100(e) written disposition, the failure to engage with the unrebutted Cardiologist's Declaration on its merits, and the continued scheduling and conduct of substantive proceedings notwithstanding the documented medical restriction.

31.    **Redressability.** The declaratory and prospective injunctive relief requested would remedy the injuries by requiring Defendant to comply with Rule 1.100 and federal disability-access law going forward — including issuing a Rule 1.100(e) written disposition through the ADA Coordinator addressing the unrebutted medical evidence on its merits.

32.    **Real and immediate threat of repeated injury.** The State Court Action remains pending; further substantive proceedings are calendared in Department 201; Defendant has not corrected the conduct complained of; and Plaintiff therefore faces a *real and immediate threat* that the same or substantially similar conduct will recur. Plaintiff is therefore entitled to prospective declaratory and injunctive relief. *Cf. City of Los Angeles v. Lyons* (1983) 461 U.S. 95.

42 U.S.C. § 12132;                          11          William S. Kachele, Jr, Pro per

## VII. JUSTICIABILITY — ABSTENTION DOCTRINES, ROOKER-FELDMAN, AND ELEVENTH AMENDMENT INAPPLICABILITY

### A. Younger abstention does not apply.

33.    Younger abstention does not bar this action. *Younger v. Harris* (1971) 401 U.S. 37. Plaintiff does not seek to enjoin the State Court Action on the merits. Plaintiff seeks declaratory and prospective injunctive relief against Defendant's compliance with federal disability-access law in the operation of its services, programs, and activities. To the extent Younger is invoked, Plaintiff's claims fall within the recognized exceptions: (**a**) Defendant has acted in bad faith, including by failing to follow its own non-discretionary Rule 1.100 procedures, by recording Plaintiff as a "no show" notwithstanding Plaintiff's written appearance, and by continuing to schedule substantive proceedings without ruling on Plaintiff's pending jurisdictional challenge or accommodation request; and (**b**) the State Court Action does not afford Plaintiff a meaningful opportunity to vindicate his federal disability-access rights, as evidenced by Defendant's failure to issue a Rule 1.100(e) written disposition and by Defendant's bypass of the Coordinator process.

### B. The Rooker-Feldman doctrine does not apply.

34.    The Rooker-Feldman doctrine bars federal district courts from sitting in direct review of state-court judgments. *D.C. Court of Appeals v. Feldman* (1983) 460 U.S. 462; *Rooker v. Fidelity Trust Co.* (1923) 263 U.S. 413. It is *inapplicable* here because: (**a**) Plaintiff is not a state-court loser in the State Court Action — the State Court Action is *ongoing* and no final judgment has been entered; (**b**) Plaintiff does not seek federal review or rejection of any state-court judgment; and (**c**) Plaintiff's claims are independent federal claims under Title II, Section

42 U.S.C. § 12132;                                    12                William S. Kachele, Jr, Pro per

504, and § 12203 against Defendant in its capacity as a public entity, not appellate-style attacks on state-court rulings.

### C. Eleventh Amendment immunity has been validly abrogated; in the alternative, the prospective relief sought is consistent with Ex parte Young.

35. To the extent Defendant invokes Eleventh Amendment sovereign immunity: (**a**) Title II of the ADA validly abrogates state sovereign immunity in cases implicating the fundamental constitutional right of access to the courts. *Tennessee v. Lane* (2004) 541 U.S. 509, 522–23, 533–34; *United States v. Georgia* (2006) 546 U.S. 151, 159. (**b**) Section 504 abrogation operates through Defendant's acceptance of federal financial assistance, conditioned on waiver under 42 U.S.C. § 2000d-7.

36. **Application of Ex parte Young to the specific prospective relief sought.** In addition or in the alternative, the doctrine of *Ex parte Young* (1908) 209 U.S. 123 supplies an independent basis for jurisdiction over Plaintiff's prospective-only claims. Each component of the prospective injunctive relief specified in Plaintiff's Prayer for Relief addresses ongoing or imminent conduct of Defendant and seeks no payment from the State treasury and no retrospective remedy of any kind: (**i**) the Rule 1.100(e) written-disposition component addresses Defendant's continuing failure to act on Plaintiff's pending accommodation request and to comply with its own non-discretionary procedure; (**ii**) the reasonable-accommodation component addresses Defendant's continuing denial of meaningful access to the services, programs, and activities of the Superior Court; (**iii**) the anti-retaliation component addresses Defendant's ongoing and threatened retaliatory conduct prohibited by 42 U.S.C. § 12203; and (**iv**) the no-adverse-orders-in-absence component addresses imminent threatened adverse merits action in Plaintiff's medically compelled absence. None of these forms of relief seeks damages,

42 U.S.C. § 12132;                                    13                    William S. Kachele, Jr, Pro per

retrospective remedy, or any payment from the State treasury, and the relief is therefore squarely within *Ex parte Young* to the extent that doctrine, in addition to Title II abrogation and § 504's funding-conditioned waiver, supplies a basis for the Court's jurisdiction.

37. **Alternative — leave to amend.** To the extent this Court determines that the Superior Court of California, County of San Diego cannot be sued in its institutional public-entity capacity for the prospective relief requested notwithstanding Title II's abrogation under *Tennessee v. Lane* and Section 504's funding-conditioned waiver under 42 U.S.C. § 2000d-7, Plaintiff respectfully requests leave to amend pursuant to Federal Rule of Civil Procedure 15(a) to substitute or add the appropriate state official(s) — including, without limitation, the Presiding Judge of the Superior Court of California, County of San Diego, or the Court Executive Officer of the same — in their official capacities, for the same prospective relief, consistent with *Ex parte Young*.

## VIII. CAUSES OF ACTION

**COUNT I — Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132**

38. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

39. Title II provides: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

40. Plaintiff is a *qualified individual with a disability* within the meaning of 42 U.S.C. §§ 12102, 12131(2). His documented cardiovascular disease and post-myocardial-

42 U.S.C. § 12132;                                                14                    William S. Kachele, Jr, Pro per

infarction recovery substantially limit one or more major life activities. Plaintiff is qualified to participate in the services, programs, and activities of the Superior Court *with* the reasonable accommodations he has requested.

41.    Defendant is a *public entity* within the meaning of 42 U.S.C. § 12131(1). The judicial operations of state courts are services, programs, or activities of a public entity within the meaning of Title II. *Tennessee v. Lane* (2004) 541 U.S. 509; *Pennsylvania Dep't of Corrections v. Yeskey* (1998) 524 U.S. 206.

42.    Title II's implementing regulations require that Defendant "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i); *Duvall v. County of Kitsap* (9th Cir. 2001) 260 F.3d 1124, 1136–39.

43.    Defendant has denied Plaintiff *meaningful access* to its services, programs, and activities by reason of his disability, including by: (**a**) failing to follow its own mandatory Rule 1.100 Coordinator process; (**b**) failing to issue a Rule 1.100(e) written disposition; (**c**) failing to identify any of the three exclusive Rule 1.100(f) grounds for any denial; (**d**) failing to engage in any meaningful interactive process; (**e**) issuing a conclusory disposition that disregarded the unrebutted sworn medical evidence; and (**f**) continuing to schedule substantive proceedings without addressing Plaintiff's documented 90-day cardiac restriction.

44.    **Deliberate indifference.** Defendant has acted with deliberate indifference to Plaintiff's federally protected rights. *Duvall v. County of Kitsap* (9th Cir. 2001) 260 F.3d 1124, 1138–39. Defendant has had *actual knowledge* that a violation of Plaintiff's federal rights was

42 U.S.C. § 12132;                                    15                    William S. Kachele, Jr, Pro per

substantially likely, including through (a) the Cardiologist's Declaration on file, (b) the Rule 1.100 Request and Plaintiff's verifying declaration, (c) Plaintiff's Formal Objections and Motion to Vacate filed in the State Court Action, and (d) Plaintiff's repeated, on-the-record requests for accommodation. The Cardiologist's Declaration sets forth, under penalty of perjury, that forcing Plaintiff to participate in legal proceedings against medical advice *"could result in further cardiac events, worsening of his condition, additional hospitalization, or risk to his life."* The substantial likelihood of harm — including risk to Plaintiff's life — is therefore concretely documented in the very record on which Defendant has acted (or failed to act). Notwithstanding this actual knowledge, Defendant has failed to comply with Rule 1.100, has failed to issue a Rule 1.100(e) written disposition, has failed to follow the Coordinator process, and has continued to schedule and conduct substantive proceedings.

45.    The fundamental constitutional right of access to the courts is implicated. *Tennessee v. Lane* (2004) 541 U.S. 509, 533–34; *Boddie v. Connecticut* (1971) 401 U.S. 371. Title II validly abrogates state sovereign immunity in cases implicating that right.

46.    Defendant's conduct is *ongoing*. Plaintiff is entitled to declaratory relief and to prospective injunctive relief requiring Defendant to comply with Title II and the Rule 1.100 framework, including issuing a Rule 1.100(e) written disposition addressing the medical evidence on its merits and providing the reasonable accommodation that Plaintiff's documented disability requires.

**COUNT II — Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794**

47.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

42 U.S.C. § 12132;                                    16                William S. Kachele, Jr, Pro per

48.    Section 504 provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

49.    Plaintiff is an *otherwise qualified individual with a disability* within the meaning of 29 U.S.C. § 705(20) and 29 U.S.C. § 794.

50.    Plaintiff is informed and believes, and on that basis alleges, that Defendant is a *program or activity receiving Federal financial assistance* within the meaning of 29 U.S.C. § 794. Defendant's acceptance of federal financial assistance constitutes a knowing waiver of sovereign immunity to the extent applicable, pursuant to 42 U.S.C. § 2000d-7.

51.    Defendant has subjected Plaintiff to discrimination under its program or activity by reason of his disability, including by the conduct described in Sections IV.C through IV.G above and incorporated herein.

52.    Plaintiff is entitled to declaratory relief and to prospective injunctive relief under 29 U.S.C. § 794a, including the remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964 incorporated by reference into Section 504, and including reasonable attorney's fees and costs as available by statute.

**COUNT III — Retaliation in Violation of the ADA, 42 U.S.C. § 12203**

53.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

54.    Section 12203(a) of the ADA prohibits retaliation: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or

42 U.S.C. § 12132;                                      17                          William S. Kachele, Jr, Pro per

participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

55.    Plaintiff has engaged in *protected activity* under the ADA, including: **(a)** submitting the Rule 1.100 Request invoking Title II and Section 504; **(b)** filing the prior-filed federal civil-rights action arising from the same premises and implicating the ADA; **(c)** filing on-the-record objections in the State Court Action invoking federal disability-access law; and **(d)** opposing Defendant's failure to follow its own Rule 1.100 procedures.

56.    Defendant has taken *materially adverse action* against Plaintiff that would dissuade a reasonable individual from engaging in protected activity, including by recording Plaintiff as a "no show" notwithstanding his written appearance and the medical restriction; bypassing the Coordinator process; failing to issue a Rule 1.100(e) written disposition; and continuing to schedule substantive proceedings in his medically compelled absence.

57.    There is a *causal connection* between Plaintiff's protected activity and Defendant's adverse action. The temporal proximity between Plaintiff's Rule 1.100 Request and Defendant's adverse conduct, and the substantive overlap between Plaintiff's prior-filed federal action and the conduct complained of here, supports the inference of causation.

58.    Plaintiff is entitled to declaratory relief and prospective injunctive relief under 42 U.S.C. § 12203 and § 12133 against Defendant's ongoing and threatened retaliatory conduct.

## COUNT IV — Declaratory Judgment, 28 U.S.C. §§ 2201–2202

59.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

42 U.S.C. § 12132;                                    18                William S. Kachele, Jr, Pro per

60. An *actual case or controversy* of sufficient immediacy and reality exists between Plaintiff and Defendant concerning Defendant's compliance with Title II, Section 504, the ADA's anti-retaliation provision, and California Rule of Court 1.100. The State Court Action remains pending; further substantive proceedings are calendared; and Defendant has failed to issue a Rule 1.100(e) written disposition or to provide the accommodations Plaintiff's documented disability requires.

61. **Final adverse medical-capacity determination without procedural baseline.** Defendant's failure to issue a Rule 1.100(e) written disposition operates, in functional effect, as a *final adverse determination of Plaintiff's medical capacity* to participate in court proceedings — a determination that Defendant has nonetheless used as the predicate for continuing to schedule and conduct substantive proceedings in Plaintiff's medically compelled absence. Procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution requires a *meaningful opportunity to be heard before any final adverse medical-capacity determination is rendered* against a party. *Mathews v. Eldridge* (1976) 424 U.S. 319; *Goldberg v. Kelly* (1970) 397 U.S. 254; *Boddie v. Connecticut* (1971) 401 U.S. 371. Defendant has, in operative effect, made an adverse determination of Plaintiff's medical capacity without affording the procedural baseline that due process requires. The Coordinator-process bypass, the absence of a written disposition, the absence of any factual findings on the medical evidence, and the absence of any identified Rule 1.100(f) ground each independently violate that procedural baseline.

62. Plaintiff is entitled to a declaration of rights under 28 U.S.C. §§ 2201– 2202 and to such further necessary or proper relief as this Court deems appropriate, including injunctive relief enforcing Plaintiff's rights under Title II and Section 504.

42 U.S.C. § 12132; 19 William S. Kachele, Jr, Pro per

## IX.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for relief as follows:

**A.**  A *declaratory judgment* under 28 U.S.C. §§ 2201–2202 declaring that:

1.  Defendant's policies, practices, and procedures, as applied to Plaintiff, violate Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132;

2.  Defendant's policies, practices, and procedures, as applied to Plaintiff, violate Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;

3.  Defendant's conduct, as alleged, constitutes prohibited retaliation under 42 U.S.C. § 12203;

4.  Defendant has failed to discharge its mandatory non-discretionary duties under California Rule of Court 1.100 in connection with Plaintiff's pending Rule 1.100 Request; and

5.  The Cardiologist's Declaration of Rod Serry, M.D., dated March 19, 2026, is unrebutted on the present record and establishes Plaintiff's qualified-disability status for purposes of Title II and Section 504.

**B.**  A *preliminary and permanent injunction* requiring Defendant to:

1.  Issue, through its ADA Coordinator pursuant to Rule 1.100(e), a written disposition addressing the merits of Plaintiff's pending Rule 1.100 Request, identifying which (if any) of the three exclusive Rule 1.100(f) grounds is the basis for any denial, and stating the specific factual findings supporting that ground;

2.  Provide Plaintiff with a reasonable accommodation that affords meaningful access to the services, programs, and activities of the Superior Court, consistent with the Cardiologist's Declaration and the Title II / Section 504 framework;

42 U.S.C. § 12132;                                    20                    William S. Kachele, Jr, Pro per

3.    Refrain from entering any finding of non-appearance, default, or other adverse merits ruling against Plaintiff in the State Court Action on the basis of Plaintiff's medically compelled physical absence; and

4.    Refrain from any further retaliatory conduct prohibited by 42 U.S.C. § 12203.

**C.** *Reasonable attorney's fees, expert fees, and costs* as available by statute, including under 42 U.S.C. § 12205, 29 U.S.C. § 794a, and 28 U.S.C. § 1920.

**D.** Such other and further relief as this Court deems just, equitable, and proper.

Dated: May 1, 2026

Respectfully submitted,

_____

William S. Kachele, Jr., DMD, Plaintiff, Pro per

## X.  VERIFICATION

## (28 U.S.C. § 1746)

I, William S. Kachele, Jr., DMD, declare:

**1.** I am the Plaintiff in the above-captioned action. I have personal knowledge of the matters set forth herein and, if called as a witness, I could and would competently testify thereto, except as to those matters stated on information and belief, which I believe to be true.

2. I have read the foregoing Verified Complaint for Declaratory and Injunctive Relief. The facts set forth therein are true and correct of my own personal knowledge, except as to matters stated on information and belief, which I believe to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. 28 U.S.C. § 1746.

Executed on May 1, 2026, at San Marcos, San Diego County, California.

William S. Kachele, Jr., DMD, Pro per
751 Rancho Dr., Suite 3
San Marcos, CA 92069

42 U.S.C. § 12132;                          22                          William S. Kachele, Jr, Pro per