# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM S. KACHELE, JR.,

Plaintiff,

v.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO,

Defendants.

Case No.:  26-cv-2778-BJC-MSB

**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 6] AND (2) DENYING PLAINTIFF'S MOTION FOR TEMPORARY  RESTRAINING ORDER [ECF NO. 8]**

On May 1, 2026, Plaintiff William S. Kachele, Jr., proceeding *pro se*, filed a Complaint alleging discrimination under the Americans with Disabilities Act ("ADA") and Rehabilitation Act against Defendant Superior Court of California.  ECF No. 1.  On May 26, 2026, Defendant filed the present Motion to Dismiss the Complaint.  ECF No. 6. Plaintiff filed a response in opposition, and Defendant filed a Reply. ECF Nos. 25, 27.

On May 29, 2026, Plaintiff filed an Ex Parte Motion for Temporary Restraining Order ("TRO") requesting that the Court enjoin Defendant from enforcing any writ of possession entered against him.  ECF No. 8.  On June 1, 2026, Plaintiff filed a Notice of Third-Party Trust Property Interest Supplement to Ex Parte Application for TRO.  ECF No. 9. On June 2, 2026, Defendant filed an opposition to the TRO. ECF No. 10.  On June 23, 2026, Defendants filed a Reply to the Motion to Dismiss. ECF No. 13.

1

For the reasons outlined below, the Court Grants Defendant's Motion to Dismiss and Denies Plaintiff's Motion for TRO.

## I.  FACTUAL BACKGROUND[1]

Plaintiff is a 67-year-old dentist who operated his dental practice at 751 Rancheros Drive, Suite 3, San Marcos, California 92069 for approximately 21 years. On January 3, 2026, an unlawful detainer ("UD") case was filed against Plaintiff in the Superior Court of California, County of San Diego. On April 23, 2026, Plaintiff submitted a Confidential Request for Disability Accommodations pursuant to California Rules of Court, Rule 1.100 to the ADA Coordinator for the San Diego Superior Court. Plaintiff requested that he be permitted to participate in all hearings by sworn written declaration or affidavit. In the alternative, Plaintiff sought a medical continuance for 90 days from the date of the request due to his medical history that includes a quadruple coronary artery bypass graft surgery and a myocardial infarction (heart attack).  Plaintiff's treating cardiologist executed a sworn declaration that stated Plaintiff was not medically cleared to participate in stressful litigation and required a minimum of 90 days restricted activity before he could safely participate in any legal proceedings. On April 24, 2026, the judge presiding over the unlawful detainer case denied Plaintiff's request because it contained improper *ex parte* information about the subject matter or merits of the proceedings, it was untimely, it failed to afford an opportunity for the opposing party to be heard, and it fundamentally altered the nature of the proceedings.  Motion to Dismiss ECF No. 6-1 at 1.

On May 1, 2026, Plaintiff filed the present action requesting that this Court issue a declaration that Defendant's practices violated the ADA and Rehabilitation Act and constitute retaliation under the ADA, that Defendant failed to discharge its duties under Rule 1.100, and that the declaration by Plaintiff's cardiologist establishes his disability status.  Plaintiff further seeks an injunction requiring Defendant to issue a response to his

---

[1] Facts are taken from the Complaint unless otherwise noted.

25-cv-2778-BJC-MSB

Rule 1.100 request through the ADA Coordinator, provide Plaintiff with reasonable accommodation, and refrain from entering adverse rulings against Plaintiff based on his physical absence.

On May 15, 2026, the Superior Court conducted a trial without Plaintiff present and entered judgment against him. On May 27, 2026, the Superior Court issued a writ of possession of the real property. ECF No. 10-1 ¶ 6. Plaintiff now seeks a temporary restraining order preventing the enforcement of the writ of possession against the subject property.

## II.    LEGAL STANDARD

*A. Motion to Dismiss*

Defendant seeks dismissal of the complaint for Plaintiff's failure to state a claim as required under FRCP 12(b)(1) and 12(b)(6).

*1.  12(b)(1)*

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(1) based on a lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). An attack may be facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court looks beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).   "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "A plaintiff has the burden of establishing the elements required for standing[.]" *Takhar v Kessle*r, 76 F.3d 995, 1000 (9th Cir. 1996).

*2.  12(b)(6)*

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To survive

25-cv-2778-BJC-MSB

a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed.R.Civ.P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663-64. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If Plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)(quoting *Outdoor Media Group, Inc. v. Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

*B. Temporary Restraining Order*

The issuance of a TRO "should be restricted to serving [the] underlying purpose of preserving the status quo and preventing irreparable harm." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974); *see also Reno Air Racing Ass'n, Inc. v. McCord,* 452 F.3d 1126, 1131 (9th Cir. 2006). "[T]he legal standards applicable to TROs and preliminary injunctions are 'substantially identical.'" *Babaria v. Blinken*, 87 F.4th 963, 976 (9th Cir. 2023) (citing *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017)). The Ninth Circuit has prescribed the following equitable criteria for determining whether to grant injunctive relief:

(1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief.

*Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*, 367 F.3d 1108, 1111 (9th Cir. 2004) (quoting *Miller ex. rel. N.L.R.B. v. Cal. Pac. Med. Ctr.*, 19 F.3d 449, 456 (9th Cir. 1994)). "The moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits." *Owner Operator*, 367 F.3d at 1111. District courts possess discretion regarding the grant or denial of preliminary relief. *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

## III.   DISCUSSION

Defendant argues that "Plaintiff's claims should be dismissed pursuant to the *Younger* abstention doctrine and the Anti-Injunction Act, which generally bar federal courts from interfering with pending state court proceedings." Mot. at 1. In addition, Defendant claims the complaint must be dismissed because it fails to allege sufficient facts to state cognizable ADA and Rehabilitation Act claims against the Superior Court. *Id.*

### A. *Younger Abstention*

The *Younger* abstention doctrine reflects a "longstanding public policy against federal court interference with state court proceedings." *Younger v. Harris,* 401 U.S. 37, 43 (1971). *Younger* abstention applies "when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 593-94

25-cv-2778-BJC-MSB

(2013); *Gilbertson v. Albright*, 381 F.3d 965, 977-78 (9th Cir. 2004)). "If these 'threshold elements' are met, [courts] then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id.* (citing *Gilbertson*, 381 F.3d at 978, 983–84).

Defendant argues that all of the *Younger* prongs are established here because the unlawful detainer case is ongoing, the present action involves the important state interest of enforcing the judgments of the courts, and Plaintiff has the ability to raise his allegations in the unlawful detainer case via a writ of mandate or appeal of final judgment. ECF No. 6-1 at 6-7. Plaintiff counters that the bad faith and extraordinary circumstances exceptions to the *Younger* doctrine apply because the state proceedings are being conducted in bad faith as evidenced by the denial of his disability accommodation and the entry of judgment against him in his absence. ECF No. 7 at 4. In addition, he claims that "[d]irecting Plaintiff to seek appellate relief from the same institution whose conduct is being challenged in federal court does not constitute an adequate state forum." *Id.* at 5. He further argues that *Younger* abstention does not apply where, like here, a disabled litigant is denied "reasonable accommodation necessary to access judicial proceedings." *Id.* at 6.

Under the present circumstances, the *Younger* factors are satisfied. First, the unlawful detainer action is "ongoing" because it was initiated "after the federal complaint [was] filed but before any proceedings of substance on the merits have taken place in the federal court." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975). Next, the present case involves the "state's interest in enforcing the orders and judgments of its courts" because Plaintiff is asking this Court to review and enjoin the Superior Court's determination on his request for accommodations and interfere with the judgment in the unlawful detainer action. *ReadyLink Healthcare,* 754 F.3d at 759. Third, the unlawful detainer action implicates important state interests, because it is coupled with "the state judiciary's interest in the operation of the judicial system." *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1168 (9th Cir. 2013). Finally, Plaintiff may raise his claims under the ADA and Rehabilitation Act in the unlawful detainer action by way of a petition for writ of mandate pursuant to Rule

1.100(g)(2), or he can appeal the final judgment. In fact, Plaintiff filed an appeal in the unlawful detainer action which is currently pending.  Declaration of Patrick Goode, ECF No. 10-1 ¶ 6. The threshold elements are therefore satisfied.

The Court next considers whether this federal action would "have the practical effect of enjoining the state proceedings." *ReadyLink Healthcare, Inc*., 754 F.3d at 759.  The Court concludes that allowing the present action to proceed would have this effect because Plaintiff requests an injunction requiring Defendant Superior Court to issue a response to Plaintiff's ADA request via its ADA Coordinator, require that the Superior Court provide Plaintiff with reasonable accommodations consistent with his cardiologist's declaration, and prohibit the Superior Court from entering adverse rulings against Plaintiff.  ECF No. 1 at 20-21. If the Court granted the requested relief, it would have the practical effect of enjoining the ongoing unlawful detainer action in state court.

Finally, there is no exception to the *Younger* doctrine that applies. Here, Plaintiff claims that the actions of the Superior Court were taken in bad faith and that extraordinary circumstances exist that create a threat of irreparable injury. "[A]n exception to abstention applies if the state proceedings demonstrate 'bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate.'" *Baffert v. Cal. Horse Racing Bd*., 332 F.3d 613, 617 (9th Cir. 2003)(citing *Kenneally v. Lungren,* 967 F.2d 329, 332 (9th Cir. 1992). "[B]ad faith 'generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" *Id*. Here, there is no evidence that the Superior Court's actions were taken in bad faith under this standard.

There is also no support for Plaintiff's contention that the irreparable harm exception applies.  The exception is applied only in "extraordinary circumstances where the danger of irreparable loss is both great and immediate." *World Famous Drinking Emporium, Inc. v. City of Tempe,* 820 F.2d 1079, 1082 (9th Cir. 1987). Generally, courts have determined that the irreparable harm exception applies only in situations where there has been or is a deprivation of a person's physical liberty that "cannot be fully vindicated after trial." *Bean v. Matteucci,* 986 F.3d 1128, 1135 (9th Cir. 2021)(finding irreparable harm exception

25-cv-2778-BJC-MSB

applied where Plaintiff's "right to avoid forcible administration of antipsychotic medications cannot be fully vindicated after trial.") Accordingly, no exception to the *Younger* abstention doctrine applies.

Plaintiff argues that there is no adequate state forum due to institutional conflict. However, under Rule 1.100(g)(2), Plaintiff was entitled to file a petition for writ of mandate in the Appellate Division of the Superior Court. He cites no authority for the proposition that a state appellate court's review of the Superior Court's determination will necessarily be insufficient simply because they are both state court entities.

Finally, there is no merit to Plaintiff's contention that his access to courts claim under the ADA overrides *Younger* abstention in this case. Plaintiff cites *Tennessee v. Lane*, 541 U.S. 509 (2004), for the proposition that *Younger* abstention does not apply to access-to-courts claims under the ADA in federal court. The Court in *Lane* addressed the claims of two paraplegic individuals who faced physical barriers to their ability to enter courts. *Id.* at 513-14. In holding that the Eleventh Amendment did not render the State immune from suit under the ADA, the Court did not address *Younger* abstention, nor did it contemplate the possible interference of a district court in a state court's determination under the ADA in an ongoing unlawful detainer action. *Id.* at 517. For these reasons, *Lane* is unhelpful to Plaintiff.

For the reasons discussed above, the Court finds that *Younger* abstention applies and the Court is divested of authority to review Plaintiff's claims against the Superior Court of California in San Diego in his unlawful detainer action. Lacking jurisdiction, the Court refrains from addressing Defendant's claims regarding the sufficiency of Plaintiff's ADA and Rehabilitation Claims.

### B. Anti-Injunction Act

Even if *Younger* abstention did not apply, the Court would be prohibited from addressing Plaintiff's claims under the Anti-Injunction Act ("Act"). A federal may not enjoin "proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" 28

25-cv-2778-BJC-MSB

U.S.C. § 2283. "Rooted firmly in constitutional principles, the Act is designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances." *Sandpiper Vill. Condo. Ass'n., Inc. v. Louisiana-Pac. Corp.,* 428 F.3d 831, 842 (9th Cir. 2005). "The Act's mandate extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007). "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 287 (1970).

Here, the Act prevents this Court from exercising jurisdiction. Plaintiff seeks to have this Court enjoin the state court's "entering of any finding of non-appearance, default, or other adverse merits ruling against Plaintiff in the State Court Action on the basis of Plaintiff's medically compelled physical absence." ECF No. 1 at 21. Because the relief Plaintiff seeks would interfere with state court proceedings, the Act prohibits this Court from adjudicating his claims.[2]

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendants Motion to Dismiss is **GRANTED,** Plaintiff's TRO is **DENIED,** and the complaint is dismissed without prejudice. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: June 30, 2026

Honorable Benjamin J. Cheeks
United States District Judge

---

[2] Because the Court finds that *Younger* abstention and the Anti Injunction Act apply, Plaintiff's request for a TRO fails because he has not demonstrated a likelihood of success on the merits. Accordingly, the Motion is **DENIED.**

25-cv-2778-BJC-MSB